UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

STACY MAY VATH,

    Plaintiff,

    v.

CAROLYN W. COLVIN,
Acting Commissioner of Social
Security,

    Defendant.

No.  1:15-CV-03144-RHW

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT**

Before the Court are the parties' cross-motions for summary judgment, ECF
Nos. 21 & 23. Ms. Vath brings this action seeking judicial review, pursuant to 42
U.S.C. § 405(g), of the Commissioner's final decision, which denied her
applications for Disability Insurance Benefits and Supplemental Security Income
under Titles II & XVI of the Social Security Act, 42 U.S.C §§ 401-434 & 1381-
1383F.  After reviewing the administrative record and briefs filed by the parties,
the Court is now fully informed. For the reasons set forth below, the Court

**GRANTS** Ms. Vath's Motion for Summary Judgment and **REMANDS** to the Commissioner for proceedings consistent with this Order.

## I.    Jurisdiction

Ms. Vath filed concurrent applications for Disability Insurance Benefits under Title II and Supplemental Security Income under Title XVI on May 7, 2012. AR 80.  Her alleged onset date is November 16, 2011. AR 81. Her application was initially denied on September 27, 2012, AR 151-159, and on reconsideration on December 6, 2012, AR 161-162.

A hearing with Administrative Law Judge ("ALJ") Glenn G. Meyers occurred on January 16, 2014. AR 32-73. On February 10, 2014, the ALJ issued a decision finding Ms. Vath ineligible for disability benefits. AR 9-31. The Appeals Council denied Ms. Vath's request for review on June 9, 2015, AR 1-5, making the ALJ's ruling the "final decision" of the Commissioner.

Ms. Vath timely filed the present action challenging the denial of benefits on August 14, 2015. ECF No. 4. Accordingly, Ms. Vath's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

1    can be expected to last for a continuous period of not less than twelve months."  42

2    U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant shall be determined to be

3    under a disability only if the claimant's impairments are of such severity that the

4    claimant is not only unable to do his previous work, but cannot, considering

5    claimant's age, education, and work experience, engage in any other substantial

6    gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A) &

7    1382c(a)(3)(B).

8         The Commissioner has established a five-step sequential evaluation process

9    for determining whether a claimant is disabled within the meaning of the Social

10   Security Act.  20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsbury v.*

11   *Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

12        Step one inquires whether the claimant is presently engaged in "substantial

13   gainful activity."  20 C.F.R. §§ 404.1520(b) & 416.920(b).  Substantial gainful

14   activity is defined as significant physical or mental activities done or usually done

15   for profit.  20 C.F.R. §§ 404.1572 & 416.972.  If the claimant is engaged in

16   substantial activity, he or she is not entitled to disability benefits.  20 C.F.R. §§

17   404.1571 & 416.920(b).  If not, the ALJ proceeds to step two.

18        Step two asks whether the claimant has a severe impairment, or combination

19   of impairments, that significantly limits the claimant's physical or mental ability to

20   do basic work activities.  20 C.F.R. §§ 404.1520(c) & 416.920(c).  A severe

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 3**

impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence.  20 C.F.R. §§ 404.1508-09 & 416.908-09.  If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required.  Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings").  If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits.  *Id.*  If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work.  20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f).  If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends.  *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f),

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 4**

404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c).  To meet this

burden, the Commissioner must establish that (1) the claimant is capable of

performing other work; and (2) such work exists in "significant numbers in the

national economy."  20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,*

676 F.3d 1203, 1206 (9th Cir. 2012).

### III.    Standard of Review

A district court's review of a final decision of the Commissioner is governed

by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited, and the

Commissioner's decision will be disturbed "only if it is not supported by

substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1144,

1158-59 (9th Cir. 2012) (citing § 405(g)).  Substantial evidence means "more than

a mere scintilla but less than a preponderance; it is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Sandgathe v.

Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d

1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted).  In determining

whether the Commissioner's findings are supported by substantial evidence, "a

reviewing court must consider the entire record as a whole and may not affirm

simply by isolating a specific quantum of supporting evidence."  *Robbins v. Soc.

Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879

F.2d 498, 501 (9th Cir. 1989)).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 5**

1     In reviewing a denial of benefits, a district court may not substitute its

2     judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir.

3     1992). If the evidence in the record "is susceptible to more than one rational

4     interpretation, [the court] must uphold the ALJ's findings if they are supported by

5     inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104,

6     1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.

7     2002) (if the "evidence is susceptible to more than one rational interpretation, one

8     of which supports the ALJ's decision, the conclusion must be upheld"). Moreover,

9     a district court "may not reverse an ALJ's decision on account of an error that is

10    harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is

11    inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115.

12    The burden of showing that an error is harmful generally falls upon the party

13    appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

14                           **IV.    Statement of Facts**

15            The facts of the case are set forth in detail in the transcript of proceedings,

16    and only briefly summarized here. Ms. Vath was 27 years old at the time of her

17    hearing. AR 37. She attended school through the eighth grade and did not obtain a

18    GED. AR 57. Ms. Vath has been diagnosed with anxiety disorder (including panic

19    attacks), affective disorder (including depression), ulcerative colitis, fibromyalgia,

20

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 6**

1    pain disorder, migraines, and kidney disorder. AR 15.  Ms. Vath has previous work

2    experience as a pizza delivery person and a food server. AR 68.

3                        **V.    The ALJ's Findings**

4        The ALJ determined that Ms. Vath was not under a disability within the

5    meaning of the Act from November 16, 2011, through the date of the decision. AR

6    13.

7        **At step one**, the ALJ found that Ms. Vath had not engaged in substantial

8    gainful activity since November 16, 2011, her alleged onset date.  (citing 20 C.F.R.

9    §§ 404.1571 *et seq.* & 416.971 *et seq.*). AR 14.

10        **At step two**, the ALJ found Ms. Vath had the following severe impairments:

11    ulcerative colitis, fibromyalgia, pain disorder, affective disorder, and anxiety

12    disorder (citing 20 C.F.R. §§ 404.1520(c) & 416.920(c)). AR 15. The ALJ found

13    that Ms. Vath's diagnoses of migraines and kidney disorder were not severe

14    impairments. *Id.*

15        At **step three**, the ALJ found that Ms. Vath did not have an impairment or

16    combination of impairments that meets or medically equals the severity of one of

17    the listed impairments in 20 C.F.R. §§ 404, Subpt. P, App. 1. AR 15-17.

18        At **step four**, the ALJ found Ms. Vath had the residual functional capacity to

19    perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a),

20    except that she is limited to unskilled, repetitive, routine work; can have no contact

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 7**

1 with the public and only occasional contact with co-workers and supervisors; will

2 be off task at work six percent (6%) of the time, but can still meet minimum

3 production requirements; and will be absent from work two times each month. AR

4 17.

5      The ALJ determined that Ms. Vath is unable to perform her past relevant

6 work. AR 22.

7      At **step five**, the ALJ found that in light of her age, education, work

8 experience, and residual functional capacity, there are jobs that exist in significant

9 numbers in the national economy that Ms. Vath can perform. AR 22-23.

10 Specifically, the ALJ identified jobs as escort vehicle driver and surveillance

11 system monitor. AR 23.

12 **VI.    Issues for Review**

13      Ms.Vath argues that the Commissioner's decision is not free of legal error

14 and not supported by substantial evidence. Specifically, she argues the ALJ erred

15 by: (1) improperly rejecting the opinion of examining physician Dr. Frank Garner;

16 (2) improperly rejecting the opinion of consultative examiner Dr. Mary Pellicer;

17 (3) improperly rejecting the opinion of Amelia Rutter, ARNP; (4) failing to include

18 Ms. Vath's diagnosis of migraine headaches as a severe impairment; (5)

19 improperly determining Ms. Vath's credibility with respect to the severity of her

20

impairments; and (6) failing at step five to find there are jobs which exist in significant numbers relative to Ms. Vath's actual impairments. ECF No. 21.

## VII.   Discussion

### A. The ALJ improperly rejected the opinions of some of the doctors in the record.

**1.  Legal Standard.**

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating providers, those who actually treat the claimant; (2) examining providers, those who examine but do not treat the claimant; and (3) non-examining providers, those who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended).

A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id*. at 830-31. In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id*. at 830. If a treating or examining provider's opinion is contradicted, it may only be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

1    The ALJ may meet the specific and legitimate standard by "setting out a

2   detailed and thorough summary of the facts and conflicting clinical evidence,

3   stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881

4   F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). When rejecting a treating

5   provider's opinion on a psychological impairment, the ALJ must offer more than

6   his or her own conclusions and explain why he or she, as opposed to the provider,

7   is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

8   **2.  The ALJ properly rejected the opinion of Dr. Garner.**

9    Ms. Vath was evaluated by Dr. Frank Garner, MD, on November 13, 2013.

10   AR 938-942. His records indicate that Ms. Vath was referred to him due to

11   "continuous suicidal thoughts, extreme depression, exhaustion, agitations, panic

12   attacks, symptoms of agoraphobia, and chronic medical issues." AR 938. As the

13   ALJ acknowledges, Dr. Garner found Ms. Vath to have a flat affect, psychomotor

14   retardation, tearfulness, and poor concentration and focus. AR 939-940. Dr. Garner

15   also reported that Ms. Vath claimed to have visual hallucinations and occasional

16   auditory hallucinations. AR 940. Dr. Garner further stated that Ms. Vath was "very

17   clearly" suffering from "a huge amount of agitation related to atypical bipolar

18   disorder rather than depression with an anxiety disorder." AR 941.

19    The record also contains a medical source statement prepared by Dr. Garner

20   on January 3, 2014. AR 1072-76. In this statement, Dr. Garner listed Ms. Vath

1  with marked and severe limitations in understanding and memory, moderate and

2  marked limitations in sustained concentration and persistence, moderate and

3  marked limitations in social interactions, and moderate and marked limitations in

4  adaptation. AR 1072-74.

5       The ALJ stated that he gave "little weight" to the opinion for the "essentially

6  the same reasons" as the opinion of Sonya Starr, ARNP. *Id.* However, the only

7  reasons specific to Dr. Garner was that he had only seen Ms. Vath on a single

8  occasion, which was prior to her poorly managed medications. AR 21.

9       Length of treatment relationship and frequency of evaluation are factors for

10  an ALJ to consider when determining the weight to give a physician's opinion. 20

11  C.F.R. §§ 404.1527(c)(2)(i), 416.927(c)(2)(i). While, as Ms. Vath asserts in her

12  briefing, Dr. Garner's notes from his 2013 evaluation demonstrate that he was

13  familiar with her chart prior, ECF No. 21 at 14; AR 938, the record does not

14  indicate that he reviewed any records *after* his evaluation in the preparation of his

15  2014 statement. Thus, the ALJ's analysis that these mental impairments were

16  based on Ms. Vath's condition prior to adjustment of her medication is a rational

17  interpretation of the medical evidence. The Court will not disturb a finding if it "is

18  susceptible to more than one rational interpretation . . . supported by inferences

19  reasonably drawn from the record." *Molina*, 674 F.3d at 1111.

20  //

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 11**

1    **3. The ALJ improperly rejected the opinion of Dr. Pellicer.**

2         Dr. Mary Pellicer, M.D., evaluated Ms. Vath on September 13, 2012. AR

3    557-63. Dr. Pellicer provided numerous functional limitations based on Ms. Vath's

4    history and Dr. Pellicer's examination of Ms. Vath. AR 563. The ALJ gave "little

5    weight" to the opinion, including specific functional limitations and that Ms. Vath

6    must be limited to sedentary work. AR 21. The ALJ reasoned that these limitations

7    were not consistent with Dr. Pellicer's findings or the overall record, and that the

8    opinion was largely based on Ms. Vath's subjective report. *Id.*

9         The Court disagrees with the ALJ's assertion that the recommended

10   functional limitations from Dr. Pellicer are inconsistent with her findings. Dr.

11   Pellicer lists numerous complaints from Ms. Vath, some based on subjective

12   information, but others corroborated by medical records or by examination. AR

13   557-58. Dr. Pellicer appears to have reviewed multiple records, including those

14   from a Social Security Administration disability report, Yakima Valley Memorial

15   Hospital, Yakima Neighborhood Health Services, a lumbar spine MRI, and a letter

16   from a previous physician (Dr. Lee) regarding endoscopy results. AR 557. Dr.

17   Pellicer personally observed that Ms. Vath could "get on and off the examination

18   table with a lot of difficulty" and described her as "quite thin and pale" and that

19   "[s]he does not look healthy." AR 559. Other physical tests resulted in descriptions

20   such as "slow and clumsy" and "slow and tentative." AR 562.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 12**

1   Likewise, the record supports Dr. Pellicer's limitations. Multiple doctors

2   have diagnosed Ms. Vath with the variety of impairments that were described in

3   Dr. Pellicer's report. The ALJ focused specifically on unremarkable clinical

4   findings regarding Ms. Vath's back and hip pain, AR 18, but this does not take into

5   account the other findings, particularly Ms. Vath's ulcerative colitis and

6   fibromyalgia, which is well-documented. The Commissioner concedes error in the

7   rationale provided by the ALJ that Dr. Pellicer's report is based on subjective

8   complaints "as evidenced by her failure to indicate a diagnosis other than 'low

9   back and right hip pain,'" AR 21, because Dr. Pellicer's report contained other

10  diagnoses. ECF No. 23 at 8.

11  The Court finds these errors were not harmless. It is incorrect to state that

12  the failure to include Dr. Pellicer's medical opinion was "inconsequential to the

13  [ALJ's] ultimate nondisability determination." *Molina,* 674 F.3d at 1111. Thus,

14  remand is proper to credit Dr. Pellicer's medical opinion, including the functional

15  limitations put forth.

16  **B.  The ALJ properly rejected the opinion of Amelia Rutter, ARNP.**

17  As a nurse practitioner, the opinion of Ms. Rutter falls under the category of

18  "other sources." These other sources include opinions from nurse practitioners,

19  physicians' assistants, therapists, teachers, social workers, spouses, and other non-

20  medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d). An ALJ is required to

1   "consider observations by non-medical sources as to how an impairment affects a

2   claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir.1987).

3   Non-medical testimony can never establish a diagnosis or disability absent

4   corroborating competent medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467

5   (9th Cir.1996). An ALJ is obligated to give reasons germane to "other source"

6   testimony before discounting it. *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir.1993).

7       In his decision, ALJ Meyers afforded "little weight" to Ms. Rutter's opinion

8   that Ms. Vath is limited to sedentary work. AR 21. The ALJ opined that "neither

9   the opinion nor the treatment notes from Ms. Rutter . . . contain objective findings

10  consistent with such limitations." *Id.* Nevertheless, the ALJ *did* limit Ms. Vath to

11  sedentary work in his calculation of her residual functional capacity. AR 17, 21.

12  Ms. Vath takes issue with the ALJ's exclusion of other limitations Ms. Rutter

13  included in her statement to Washington State Department of Social and Health

14  Services on January 30, 2013. AR 736-738.

15      Of the limitations provided by Ms. Rutter, the main point of contention rests

16  in Ms. Rutter's assessment that Ms. Vath is "unable to drive herself places."[1] AR

17  736. This information, however, is inconsistent with other parts of the record,

18

19

20

---

[1] The other limitations mentioned by Ms. Rutter, such as the inability to lift heavy objects, standing for long periods of time, and maintain prolonged concentration were already accounted for by other physicians and/or contained in the residual functional capacity.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 14**

1    including the statement from examining physician Dr. Pellicer who found Ms.

2    Vath capable of independently driving herself. AR 563.

3            The Court finds the exclusion of this opinion by Ms. Rutter to be harmless.

4    as the evidence otherwise contained in the record from sources that must be

5    afforded more weight (examining physicians) is directly contradictory to the

6    limitation on driving Ms. Rutter placed on Ms. Vath.

7        **C. Any error in failing to include Ms. Vath's migraines as a severe**

8            **impairment was harmless error.**

9            At step two, the ALJ found Ms. Vath to have multiple impairments

10   classified as severe: ulcerative colitis, fibromyalgia, pain disorder, affective

11   disorder, and anxiety disorder. AR 15. Ms. Vath alleges the ALJ erred by failing to

12   also include her diagnosis of migraine headaches to be non-severe. ECF No. 21 at

13   18. The ALJ asserted that the validity of Ms. Vath's diagnosis of migraines was

14   questionable because it is "based entirely on the claimant [sic] subjective report of

15   pain" and because "the record contains generally intermittent complaints of

16   symptoms." AR 15.

17           The record contains multiple references to a history of migraines, as well as

18   treatment for these migraines. AR 573, 576-591. In particular, Ms. Vath was seen

19   at the Neurology/Headache Clinic at the University of Washington to better

20   manage her migraines. AR 681-694. The records show that Ms. Vath "meets all the

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 15**

International Headache Society criteria for migraines." AR 691. While the migraine specialists likely did rely to some extent on Ms. Vath's subjective reporting, the record corroborates Ms. Vath's assertion that her migraines should have been considered a severe impairment at step two.

Nevertheless, the error was harmless, because the ALJ found multiple other severe disabilities, and the ALJ's analysis continue past this step. At least one severe impairment be found for the analysis to proceed. 20 C.F.R. § 416.920(c) (2012). All limitations, even non-severe, must be considered when determining a claimant's residual functional capacity. SSR 96-8p (1996); *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Any error to fully incorporate any limitations stemming from Ms. Vath's migraines would not be at step two because the analysis did proceed.

**D. The ALJ properly discounted Ms. Vath's subjective symptom testimony.**

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence

suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id*.

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999). "General findings are insufficient:  rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Lester*, 81 F.3d at 834.

While the record does not demonstrate – and the ALJ does not assert – malingering by Ms. Vath, the ALJ nevertheless provided the requisite specific, clear, and convincing reasons for finding Ms. Vath's testimony regarding her subjective symptoms less than credible.

The ALJ cited to inconsistency within Ms. Vath's testimony regarding the length of time she has experienced pain. For example, in June 2012, Ms. Vath told

the physicians in the emergency room of Yakima Valley Memorial Hospital that she had been experiencing lower back pain radiating into her hips and abdomen for five years. AR 625. In August 2012, at Water's Edge Memorial's Pain Relief Institute, she denied her pain had been present for longer than one year. AR 635. However, she gave other providers different dates of the onset of her back and hip symptoms in September 2012 (four and a half years), AR 557, and July 2013 (ten years), AR 923. It was reasonable for the ALJ to question the validity of the complaints when the time periods provided were so vastly different.

Likewise, as the ALJ noted, clinical findings do not corroborate the severity of her symptoms. Despite reporting pain at the top range of the pain scale – 10 of 10 – in September 2012, Ms. Vath was described as "pleasant and cooperative" and did not walk with a limp. AR 557, 560. While the examination did indicate some pain, the report and recommendations provided by Dr. Pellcier, as well as MRI results, are inconsistent with the highest possible rating of pain. AR 557-563.

Ms. Vath's statements regarding her ulcerative colitis are also inconsistent, as the ALJ noted in his decision. AR 18-19. For example, despite minimal symptoms in June 2012, AR 428, she reported significant burning and pain that felt like "labor contractions" in September 2012, AR 558. Only one month later, on October 25, 2012, Ms. Vath denied any abdominal pain at all. AR 628.

1    All of these inconsistencies persuaded the ALJ that Ms. Vath's subjective

2    symptom testimony was less than forthcoming. The Court will not disturb the

3    findings of the ALJ with regard to Ms. Vath's subjective symptom complaints.

4    **E. Because not all of Ms. Vath's limitations were included in the**

5    **hypothetical posed to the vocational expert, the ALJ failed to sustain his**

6    **burden at step five.**

7    An ALJ may accept or reject restrictions that are not supported by

8    substantial evidence. *Osenbrock v. Apfel*, 240 F.3d 1157, 1164 (9th Cir.

9    2001)(citing *Magallanes*, 881 F.2d at 756-57). As previously discussed, the ALJ

10   failed to properly consider the medical opinion of Dr. Pellicer, including the

11   functional limitations posed by this physician. *See supra* pp. 12-13. Because the

12   ALJ did not fully incorporate these limitations into his residual functional capacity

13   calculation, the hypothetical, based on the incomplete residual functional capacity,

14   that was posed to the vocational expert was also incomplete. *See Valentine v.

15   Comm'r of Soc. Sec. Admin.,* 574 F.3d 685, 690 (9th Cir. 2009)(holding that a

16   hypothetical that fails to account for all of a claimant's limitations is defective).

17   Thus, the vocational expert testimony on which ALJ Meyes relied to show there

18   was other work available in the national economy for Ms. Vath is insufficient. *See

19   DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991) (holding that if a

20

1   hypothetical fails to include all of limitations, the expert's testimony has no

2   evidentiary value).

3   **F. Remedy.**

4       The Court has the discretion to remand the case for additional evidence and

5   findings or to award benefits.  *Smolen*, 80 F.3d at 1292.  The Court may award

6   benefits if the record is fully developed and further administrative proceedings

7   would serve no useful purpose.  *Id.*  Remand is appropriate when additional

8   administrative proceedings could remedy defects.  *Rodriguez v. Bowen*, 876 F.2d

9   759, 763 (9th Cir. 1989).  In this case, the Court finds that further proceedings are

10  necessary for a proper determination to be made.

11      On remand, the ALJ shall credit the opinion of Dr. Pellicer, including the

12  functional limitations set forth in her report. Upon credit, the ALJ shall recalculate

13  the residual functional capacity, considering all impairments and limitations

14  validly in the record. Then, based on this updated residual functional capacity, the

15  ALJ shall determine whether there are other jobs available in significant numbers

16  in the national economy that Ms. Vath can perform. To the extent the opinion of a

17  vocational expert will assist, the ALJ is encouraged to call one.

18  //

19  //

20  //

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 20**

# VIII.  Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is not free of legal error.

Accordingly, **IT IS ORDERED:**

1.  Plaintiff's Motion for Summary Judgment, **ECF No. 21**, is **GRANTED.**

2.  Defendant's Motion for Summary Judgment, **ECF No. 23,** is **DENIED.**

3.  The District Court Executive is directed to enter judgment in favor of Plaintiff.

4. This matter is **REMANDED** to the Commissioner for further proceedings consistent with this Order.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 9th day of June, 2016.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge